JAMES THOMPSON V. STATE OF TEXAS

NO. 07-99-0403-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 18, 2000

JAMES THOMPSON,

                                               Appellant

v.

THE STATE OF TEXAS,

                                              Appellee

FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. 78679; HON. LARRY GIST, PRESIDING

Before BOYD, C.J., and QUINN and JOHNSON, JJ. 

James Thompson, appellant, appeals from a judgment convicting him of possessing a controlled substance, namely crack cocaine.  Through his sole point of error, he contends that the evidence was “legally insufficient” to support the conviction.  We affirm. 

Background

Appellant was arrested as a result of a search of a garage apartment
 conducted 
 by the Beaumont Police Department.  Having entered pursuant to a search warrant, the officers found appellant in the living room of the “small” abode.  Two other individuals were found elsewhere therein.  Also discovered were two crack pipes, pieces of Brillo Pad used in conjunction with smoking crack, a rock of cocaine in a space heater located in a hall closet, a smaller rock of cocaine underneath a bed in one of the bedrooms, two envelopes addressed to appellant at the location being searched, and $660 on appellant’s person.  

At trial, an officer testified that he, via an informant, had previously acquired drugs from someone at the apartment.  So too had the apartment undergone a previous search which resulted in the discovery of drugs and the arrest of various individuals.  However, appellant was not one of those individuals arrested.

Upon hearing the evidence, a jury returned a verdict of guilty.  Judgment was entered upon that verdict, and appellant appealed. 

Issue

As previously stated, appellant argues that the evidence is “legally insufficient” to support the verdict.  We note that he restricts his argument to one of legal insufficiency and says nothing of factual insufficiency.  Therefore, our review is limited to the topic of legal insufficiency.

Standard of Review
 

In determining whether a verdict enjoys the support of legally sufficient evidence, we determine whether any rational trier of fact could have concluded that the essential elements of the offense existed beyond a reasonable doubt
.
  
Jackson v. Virginia
, 443 U.S. 307 (1979);
 
King v. State
, 895 S.W.2d 701, 703 (Tex.Crim.App.1995).  In that regard, we view the evidence in the light most favorable to the verdict.  
Id.
 

Next, in cases like that at bar, the state is obligated to prove that the accused 
exercised actual care, custody, control, or management over the controlled substance while knowing it to be a controlled substance.  
Brown v. State
, 911 S.W.2d 744 (Tex. Crim App. 1995) (en banc).  This can be done through circumstantial evidence.

Moreover, when the accused is not in sole control of the premises or the instrumentality in which the drug is found, then several indicia have been deemed useful in assessing his guilt.  They include such things as whether 1) the controlled substance was in plain sight; 2) the defendant owned or controlled the premises; 3) he had easy access to the drug; 4) the drug was found near him; 5) a strong residual odor of the drug existed; 6) any drug paraphernalia was in plain sight or near the defendant; 7) the accused was intoxicated when arrested; 8) he displayed a consciousness of guilt; 9) he had a special connection to the contraband; 10) the place where the drug was found was enclosed; 11) others found on the premises gave conflicting statements involving the drug; and 12) any affirmative statements that connected the accused to the drug.  
Jones v. State
, 963 S.W.2d 826, 830 (Tex. App.--Texarkana 1998, pet. ref’d.); 
Nixon v. State
, 928 S.W.2d 212, 215 (Tex. App.--Beaumont 1993, no pet.).  
However, the number of factors established is not as important as the degree to which they tend to affirmatively link the defendant to the contraband.
  
Wallace v. State
, 932
 S.W.2d 519, 524 (Tex. App.--Tyler 1995, pet. ref'd).  Furthermore, the circumstantial evidence utilized to establish the link between the accused and the drug need not be so strong as to exclude every other reasonable hypothesis except one of guilt.  
Jones v. State
, 963 S.W.2d at 830. 

Application of Standard

Viewing the record in a light most favorable to the judgment, we find evidence illustrating that 1) drugs had recently been sold from the garage apartment, 2) given the letters discovered
, appellant was a resident of the apartment, 3) appellant had on his person a large amount of cash, which, according to one witness, is not uncommon when someone is selling drugs, 4) appellant was found in the living room of the small apartment when the search was conducted, 5) a crack pipe and remnants of a Brillo Pad used in smoking crack were found in plain view near appellant, 6) another crack pipe, also in plain view, was found elsewhere in the apartment, 7) some of the crack was found in a common area, though not in plain view, and 8) according to two witnesses
, all of the crack was easily accessible to appellant.  Although satisfying less than the full series of indicia listed above, the foregoing is sufficient to enable a rational fact-finder to affirmatively link appellant to the cocaine.  So too is it some evidence upon which that same jury could conclude beyond reasonable doubt that appellant exercised control over contraband while knowing what it was.

Accordingly, we overrule appellant’s sole point of error and affirm the judgment.

Brian Quinn

       Justice

Do no publish.