**Wayne Michael SPENCER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–01–00067–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Dec. 26, 2001.

Decided Jan. 9, 2002.

Adam O. Fellows, Texarkana, for appellant.

Nicole Habersang, Assistant District Attorney, Texarkana, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

OPINION

WILLIAM J. CORNELIUS, Chief Justice.

Wayne Michael Spencer was tried before a jury for unlawfully possessing less than one gram of methamphetamine, a controlled substance. He was convicted and sentenced to fifteen years' confinement pursuant to the habitual offender statute. *See* TEX. PEN.CODE ANN. § 12.42 (Vernon Supp.2002). On appeal, he challenges the legal and factual sufficiency of the evidence. We affirm the trial court's judgment.

■■■■ In reviewing the legal sufficiency of the evidence, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Jones v. State,* 944 S.W.2d 642, 647 (Tex.Crim.App.1996). In reviewing the factual sufficiency of the evidence, we begin with the presumption that the evidence supporting the judgment is legally sufficient, *see Clewis v. State,* 922 S.W.2d 126, 134 (Tex.Crim.App.1996), and we view all the evidence without the prism of "in the light most favorable to the verdict." *Jones v. State,* 944 S.W.2d at 647. We determine whether a neutral review of all the evidence, both for and against the verdict, demonstrates that the proof of guilt is so obviously weak that it undermines confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Johnson v. State,* 23 S.W.3d 1, 15 (Tex.Crim.App.2000). When performing this review, we give due deference to the jury's assessment of the weight and credibility of the evidence. *Id.* at 16 n. 20. We find the evidence factually insufficient only where necessary to prevent manifest injustice. *Id.* If we find factual insufficiency, we vacate the conviction and remand for a new trial. *Jones v. State,* 944 S.W.2d at 648; *Clewis v. State,* 922 S.W.2d at 133–34.

██ Spencer was convicted of possession of methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115 (Vernon Supp.2002). To support Spencer's conviction for possession of a controlled substance, the State must have shown (1) that Spencer exercised actual care, control, or custody of the substance, (2) that he was conscious of his connection with it, and (3) that he possessed the substance knowingly or intentionally. *Brown v. State*, 911 S.W.2d 744, 747 (Tex.Crim. App.1995); *Jones v. State*, 963 S.W.2d 826, 830 (Tex.App.-Texarkana 1998, pet. ref'd). Whether direct or circumstantial evidence is used, the State must establish that Spencer's connection with the substance was more than just fortuitous. *Brown v. State*, 911 S.W.2d at 747; *Jones v. State*, 963 S.W.2d at 830. If the contraband was not found on Spencer's person or it was not in his exclusive possession, additional facts must affirmatively link Spencer to the contraband. *Jones*, 963 S.W.2d at 830.

██ Spencer had agreed to work as an informant for the sheriff's department in its investigation of a person named Jamie Hodge, who was suspected of manufacturing and selling methamphetamine. Spencer told sheriff's deputies that Hodge was getting ready to "cook" methamphetamine and that he would let them know when Hodge had finished making the substance. On the night in question, although Spencer was in telephone contact with a deputy sheriff during the manufacturing process, at some point he stopped calling and ultimately failed to report that Hodge had finished making the drugs. The sheriff's department did not arrest Hodge that night. Spencer gave two reasons for his failure to make the report. He said that he was using a prepaid cellular telephone and that he ran out of minutes. He also said the batteries had run down. During this time, a deputy sheriff was sitting in a nearby vehicle. Yet, Spencer said, rather than walking to the deputy and making his report, he used the pay telephone across the street to page the deputy, but apparently the pay telephone he used was the type that could not receive incoming calls.

Several days later, Spencer was in contact with Janice Austin, a convicted felon and recovering drug addict. Austin testified that Spencer went to her home looking for assistance in selling an "eight ball" of methamphetamine, which is approximately an eighth of an ounce. She asked Spencer if he had the drugs on him. He responded by pulling a small plastic bag out of his pocket and showing it to her. Although she saw the bag, she could not verify that the bag contained drugs. Apparently in response to Spencer's request for assistance, Austin called Ricky Smith, a deputy sheriff who investigated drug crimes. Smith is the same deputy who had previously been in contact with Spencer concerning the manufacture of drugs by Hodge. According to Austin, Spencer was unaware that she was speaking to Deputy Smith on the telephone. She told Spencer to go to a particular convenience store where the drug sale would take place. She did not tell Spencer who the prospective purchaser would be.

Contrary to Austin's testimony, Spencer testified that it was Austin who asked him to sell drugs to someone. Spencer contended that Austin described the person to whom the sale would be made, and that through this description he knew it was Smith, the deputy with whom he had already been working. He contends he went to the store to talk to Smith because he wanted to find out why he had not arrested Hodge. But he also testified, inconsistently, that he went because he wanted to find out who the prospective purchaser was, and when he arrived, he knew it was Smith. He does not dispute

that, however the transaction came about, it was arranged as a sale of drugs.

Smith testified that after Austin arranged the drug transaction, he went to the convenience store and waited for Spencer for about fifteen or twenty minutes. He watched Spencer arrive and walk up and down beside the building. At some point when there were vehicles in the line of sight between Smith and Spencer, Spencer stopped and appeared to bend down behind a vehicle and was momentarily out of Smith's sight. Spencer then stood up and into view and approached Smith's vehicle. Smith got out of his vehicle, identified himself, and searched Spencer. He found no drugs on Spencer's person. Smith then detained Spencer and called another deputy. Then Smith went back to the area where Spencer had been walking and found a small baggie containing a white substance, sitting on top of a metal post. The post was the kind placed by store owners to prevent vehicles from driving too close to the store. Only a few minutes passed between Smith's observation of Spencer's bending down and Smith's discovery of the drugs on the post. Moreover, no other persons had been in that area for fifteen or twenty minutes before Spencer. Smith arrested Spencer for possession of methamphetamine. The packet was completely dry, even though everything in the area was wet because of severe weather conditions. The next day, Austin called Smith again and told him that he had not found all of the drugs that Spencer had been carrying the previous day. Smith went back to the store, searched the area, and found a plastic fuse box case underneath the front end of a vehicle near the place where Spencer had ducked down on the previous day. The plastic case contained what later was determined to be about three grams of methamphetamine. Spencer was not charged with possession of this methamphetamine, only with the possession of the drugs seized the previous night.

Even Spencer agrees that he went to the convenience store at least under the guise of making a sale of illegal drugs. A reasonable jury could have concluded that Spencer went to the store with drugs in his possession for the purpose of selling them, and that when he became suspicious of the circumstances, he tried to hide the drugs, as shown by the observations of the sheriff's deputy and the fact that the drugs were found in a plastic bag that was completely dry in an area that was completely wet. Although the drugs were not found on his immediate person, the complete factual circumstances persuasively demonstrate sufficient affirmative links between Spencer and the drugs. Viewing all of the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. We also find that a neutral review of the evidence demonstrates that the proof of guilt is neither greatly outweighed by contrary proof nor does it undermine confidence in the jury's verdict.

We therefore affirm the judgment.