In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00230-CR
______________________________


LAWRENCE DONALDSON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 30034-A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            As he sped down Interstate Highway 20 (I-20) on the morning of June 20, 2002, little did
Lawrence Donaldson know he and his five passengers would soon encounter


 Tracy Freeman, a drug
interdiction officer with the Gregg County Sheriff's Department, and that Freeman would stop their
vehicle, find the cocaine in it, and link Donaldson to the cocaine. The relative strength of that
linkage is the issue urged by Donaldson on appeal.
            During his search of the vehicle, Freeman found a pet carrier in the trunk. Inside that carrier,
Freeman found cocaine. He also located a duffle bag in the trunk that contained a quantity of
marihuana, which Donaldson admitted belonged to him.


 Freeman then arrested Donaldson for the
drugs. 
            On August 21, 2003, Donaldson waived his right to trial by jury and asked the trial court to
determine whether he had possessed, with intent to deliver, cocaine in an amount greater than four
grams but less than 200 grams, as charged in the indictment. After hearing evidence and argument,
the trial court found Donaldson guilty and assessed punishment at seven years' imprisonment. 
            In two points of error, Donaldson challenges the legal and factual sufficiency of the evidence
to affirmatively link him to the cocaine. We overrule both points of error and affirm the trial court's
judgment.
The Affirmative Links Doctrine
            To support a conviction for possession of a controlled substance, the State must show that
the accused exercised actual care, control, or custody of the substance; that the accused had a
conscious connection with the substance; and that the accused possessed the substance knowingly
or intentionally. Jones v. State, 963 S.W.2d 826, 830 (Tex. App.—Texarkana 1998, pet. ref'd). "The
evidence used to satisfy these elements can be direct or circumstantial." Id. Regardless of whether
direct or circumstantial evidence is used, the State must still establish that the accused's connection
to the substance is something more than merely fortuitous. Id. Mere possession of a vehicle in
which contraband is found, without additional facts and circumstances connecting the accused to the
contraband, will not support a conviction for possession." Id. Similarly, when the contraband is not
in the exclusive possession of the accused, the State must present additional facts that affirmatively
link the accused to the controlled substance. Id. 
            The affirmative links need not, however, be so strong as to exclude every other reasonable
hypothesis except the guilt of the defendant. Id. Usually, evidence of one or more affirmative links
between the accused and the substance "emerges from an orchestration of several factors and the
logical force they have in combination." Id.
Factors to be considered when evaluating affirmative links include: 1) the
defendant's presence when the search was executed; 2) whether the contraband was
in plain view; 3) the defendant's proximity to and the accessibility of the contraband;
4) whether the defendant was under the influence of a controlled substance when
arrested;  5)  whether  the  defendant  possessed  other  contraband  when  arrested;
6) whether the defendant made incriminating statements when arrested; 7) whether
the  defendant  attempted  to  flee;  8)  whether  the  defendant  made  furtive
gestures; 9) whether there was an odor of the contraband; 10) whether other
contraband or drug paraphernalia was present; 11) whether defendant owned or had
the right to possess the place where the drugs were found; and 12) whether the place
the drugs were found was enclosed.
 
Jones, 963 S.W.2d at 830 (citing Green v. State, 892 S.W.2d 220, 222 (Tex. App.—Texarkana 1995,
pet. ref'd)).
The State Sufficiently Linked Donaldson to the Cocaine
            Donaldson contends the evidence is legally and factually insufficient to link him to the
cocaine found in the trunk of the vehicle he was driving. Considering the factors linking Donaldson
with the cocaine, we disagree.
            When reviewing the evidence for legal insufficiency, we examine the relevant evidence in
the light most favorable to the verdict to determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d
1, 7 (Tex. Crim. App. 2000). In reviewing the factual sufficiency of the evidence, we must
determine whether, considering all the evidence in a neutral light, the jury was rationally justified
in finding guilt beyond a reasonable doubt. Zuniga v. State, No. 539-02, 2004 Tex. Crim. App.
LEXIS 668, at *20 (Tex. Crim. App. Apr. 21, 2004). There are two ways in which we may find the
evidence to be factually insufficient. Id. First, if the evidence supporting the verdict, considered
alone, is too weak to support the jury's finding of guilt beyond a reasonable doubt, then we must find
the evidence insufficient. Id. Second, if—when we weigh the evidence supporting and contravening
the conviction—we conclude the contrary evidence is strong enough that the State could not have
met its burden of proof, we must find the evidence insufficient. Id. "Stated another way, evidence
supporting guilt can 'outweigh' the contrary proof and still be factually insufficient under a beyond-a-reasonable-doubt standard." Id. If the evidence is factually insufficient, then we must reverse the
judgment and remand for a new trial. Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996).
            First, Donaldson was present when the search was executed. See Jones, 963 S.W.2d at 830
(first factor). Second, Donaldson admitted ownership of a quarter pound of marihuana during the
arrest. See id. (fifth factor). Third, Donaldson had contraband on him at the time of the arrest. See
id. (fifth factor). Fourth and fifth, as driver of the vehicle, Donaldson presumably had control over
the car, and by possessing the keys to the trunk, he had control over access to the trunk where the
cocaine was located. See id. (eleventh factor). And sixth, the cocaine was found inside the locked
trunk. See id. (twelfth factor).
            But the seventh, most critical link between Donaldson and the cocaine was Donaldson's own
admission regarding ownership. During cross-examination by the State, Donaldson was asked
whether he remembered Freeman finding the cocaine during the traffic stop and inquiring of
Donaldson to whom the cocaine belonged. Donaldson admitted, "I said [to Freeman] I would take
responsibility for the controlled substance." The prosecutor then asked Donaldson, "However you
want to say it happened, you admitted to Tracy Freeman that you were responsible for the cocaine
that was found in your car?" Donaldson replied, "Yes." See id. (sixth factor).
            Even though the cocaine was found by Freeman inside an enclosed box in the trunk, and
therefore was not in the officer's plain view, see id. (second factor); though the cocaine was not
immediately and closely accessible to Donaldson, see id. (third factor); though there is no evidence
of either furtive gestures or an attempt by Donaldson to flee, see id. (seventh and eighth factors); and
though Freeman did not testify he had detected an odor of contraband before arresting Donaldson
(ninth factor), we believe the balance of the remaining affirmative links sufficiently establish that
Donaldson (1) exercised actual care, custody, or control of the cocaine, (2) had a conscious
connection with the cocaine, and (3) possessed the cocaine knowingly or intentionally. See id. 
Accordingly, we hold the evidence is factually and legally sufficient to support Donaldson's
conviction.
 
 
 
 
            We overrule Donaldson's points of error and affirm the trial court's judgment.



                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          July 14, 2004
Date Decided:             September 15, 2004

Do Not Publish