NO. 07-05-0287-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 28, 2006


______________________________



SEAN DOUGLAS WASHINGTON, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 50,904-E; HON. RICHARD DAMBOLD, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Appellant, Sean Douglas Washington, appeals his conviction for possessing a
controlled substance, namely cocaine, by claiming that the evidence is legally and factually
insufficient to show that the substance was in his care, custody, or control. We affirm the
judgment of the trial court.

 Background

 Officer Michael Rolan testified that over the course of several weeks prior to
December 3, 2004, he had observed a new model red Saturn Vue parked at a motel on
Amarillo Boulevard, a locale where drug activity was known to occur. He had also
observed different people visit the room adjacent to the parked vehicle, stay for several
minutes, and then leave. The latter conduct was consistent with drug activity, according
to the officer. 

 Around midnight on December 3, 2004, Rolan observed the same vehicle being
driven by appellant. Then, around 3:50 a.m., Rolan again saw appellant driving the same
vehicle down Amarillo Boulevard and pulling into the Sundown Motel. A short time later,
appellant left the motel in the vehicle, and the officer followed it to see if he was returning 
to the Delux Inn, the place where the officer spied appellant on other occasions. While
doing so, the officer saw appellant change lanes without signaling and effected a traffic
stop. 

 Upon asking appellant where he was going, appellant said he had just left work and
was going home. The officer knew this to be untrue because he had seen appellant driving
around earlier. Appellant later changed his story and said that he was returning from his
girlfriend's house. And, upon a request for proof of insurance, appellant was unable to
provide any. As the officer attempted to cite appellant for the omission, appellant
interrupted him several times first to ask if he could take a dip of snuff, then to ask why he
had been stopped even though Rolan had already told him, and then to ask an additional
question which Rolan believed was meant to distract him. 

 The officer eventually asked appellant for consent to search the vehicle, which
consent appellant gave. While the search progressed, appellant again attempted to
"distract" the officer by informing him that he knew of someone who had controlled
substances. The officer nonetheless continued his search and found (hidden in one of the
vehicle's cigarette lighters), a plastic bag containing several rocks of crack cocaine. 
Thereafter, a search of appellant uncovered $200 in denominations of $10 and $20 bills. 
Those dealing crack often carried such denominations since one crack rock sold for $20,
according to Rolan. 

 Law

 The standards by which we review the legal and factual sufficiency of the evidence
are well established. We refer the parties to Jackson v. Virginia, 443 U.S. 307, 99 S.Ct.
2781, 61 L.Ed.2d 560 (1979), Zuniga v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004),
Zuliani v. State, 97 S.W.3d 589 (Tex. Crim. App. 2003), and King v. State, 29 S.W.3d 556
(Tex. Crim. App. 2000) for their explanation. 

 Next, the State is obligated to prove that the accused exercised care, custody,
control, or management over the controlled substance while knowing it to be a controlled
substance. Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). This can be
done through the use of circumstantial evidence. Moreover, when the accused is not in
sole control of the premises or the instrumentality in which the drug is found, several
indicia have been deemed useful in assessing guilt. They include such things as whether
1) the controlled substance was in plain sight, 2) the defendant owned or controlled the
premises, 3) he had easy access to the drug, 4) the drug was found near him, 5) a strong
residual odor of the drug existed, 6) any drug paraphernalia was in plain sight or near the
defendant, 7) the accused was intoxicated when arrested, 8) he displayed a consciousness
of guilt, 9) he had a special connection to the contraband, 10) the place where the drug was
found was enclosed, and 11) the accused uttered affirmative statements connecting him
to the drug. Jones v. State, 963 S.W.2d 826, 830 (Tex. App.-Texarkana 1998, pet. ref'd);
Williams v. State, 906 S.W.2d 58, 65 n.2 (Tex. App.-Tyler 1995, pet. ref'd). The number
of factors established is not as important as the degree to which they tend to affirmatively
link the defendant to the contraband. Wallace v. State, 932 S.W.2d 519, 524 (Tex.
App.-Tyler 1995, pet. ref'd). Furthermore, the evidence tending to establish the link need
not be so strong as to exclude every other reasonable hypothesis except one of guilt. 
Jones v. State, 963 S.W.2d at 830. 

 Application of Standard

 Viewing the evidence in a light most favorable to the judgment, we find evidence
illustrating that 1) appellant was the sole occupant of the vehicle where the drugs were
found, 2) the car had been obtained by appellant's mother and grandmother for him to
drive, 3) appellant made the car payments, 4) appellant's mother and grandmother never
drove the car although appellant's grandmother believed that appellant's friends may have
done so, 5) the officer had never seen anyone but appellant drive the car, 6) the clear
baggie was found enclosed in a cigarette outlet in the center console within easy access
of appellant, 7) appellant had on his person an amount of cash in denominations consistent
with that utilized in drug transactions, 8) appellant lied about where he was going, 9)
appellant was observed earlier in an area where drug dealing was prevalent, 10)
appellant's conduct of driving to locations on Amarillo Boulevard or having people visit him
in motels on that boulevard liken to conduct pursued by those dealing in drugs, 11)
appellant attempted to distract the officer during the vehicle search, and 12) appellant's
vehicle had previously been observed over a course of several weeks at a motel known for
drug dealing. 

 Surveillance indicating drug activity can be an affirmative link, Smith v. State, 176
S.W.3d 907, 917 (Tex. App.-Dallas 2005, no pet.), as can contraband located in enclosed
spaces, and conflicting statements by those attempting to conceal their criminal activities. 
Robinson v. State, 174 S.W.3d 320, 327-28 (Tex. App.-Houston [1st Dist.] 2005, pet. ref'd). 
 These factors, combined with the facts that appellant was the permanent possessor of the
vehicle, its sole occupant at the time the drugs were found, and his attempts to distract the
officer are sufficient to affirmatively link him to the contraband found in his vehicle. 
Furthermore, although the full series of indicia are not satisfied, the foregoing facts when
taken as a whole do not undermine our confidence in the jury's verdict. 

 Accordingly, we overrule appellant's issues, hold that his conviction has the support
of both legally and factually sufficient evidence, and affirm the judgment.


 Per Curiam


Do not publish.