Affirmed and Memorandum Opinion filed December 28, 2006








Affirmed and Memorandum Opinion filed December 28, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01207-CR

____________

 

ADRIAN JAMES WINFREE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 182nd
District Court

Harris County, Texas

Trial Court Cause No. 1044816

 



 

M E M O R A N D U M   O P I N I O N

Appellant Adrian James Winfree was convicted of possession
of a controlled substance and sentenced to twenty-five years in prison.  In two
issues, he challenges the legal and factual sufficiency of the evidence to
support his conviction.  We affirm.








Deputy Jeremy Copher of the Harris County Sheriff=s Department
stopped appellant after noticing he was driving a vehicle with an expired
inspection sticker.  Prior to approaching appellant=s vehicle, Deputy
Copher ran the license plate number through his computer and discovered the
registration was also expired.  As appellant drove into a parking lot to stop
the car, Deputy Copher noticed him lean toward the passenger side of the car. 
When Deputy Copher reviewed appellant=s driver=s license, he
asked appellant why the car was not registered in his name, and appellant
responded that he had purchased the car within the last two months and had not
yet transferred the registration.  While speaking with appellant, Deputy Copher
smelled the odor of burnt marijuana.  Deputy Copher asked appellant if he or
anyone else had been smoking marijuana in the car.  Appellant responded that he
had not been smoking and he did not know if anyone else had been smoking in the
car.  Deputy Copher asked if he could search the vehicle, and appellant said, AYou can search the
car.  There ain=t nothing in it.@  Deputy Copher
searched the car, and found marijuana seeds and stems on the floor of the car
and a bag of crack cocaine in the glove box.

In his first issue, appellant contends the evidence is
legally insufficient to support his conviction.  In evaluating a legal‑sufficiency
claim, we view the evidence in the light most favorable to the verdict.  Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  We do not ask whether
we believe the evidence at trial established guilt beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 318B19 (1979). 
Rather, we determine only whether a rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Cardenas v.
State, 30 S.W.3d 384, 389 (Tex. Crim. App. 2000).

Appellant contends that the State failed to affirmatively
link him to the cocaine found in the glove box of his car.  A person commits
the offense of possession of cocaine if he intentionally or knowingly possesses
cocaine in an amount weighing more than one gram, but less than four grams by
aggregate weight, including adulterants or dilutants.  See Tex. Health & Safety Code Ann. '' 481.002(5),
481.102(3)(D), 481.115(a), (c) (Vernon Supp. 2006).  To establish the unlawful
possession of a controlled substance, the State must prove that the accused (1)
exercised actual care, control, or custody over the substance, and (2) was
conscious of his connection with it and knew what it was.  Brown v. State,
911 S.W.2d 744, 747 (Tex. Crim. App. 1995).  Evidence that affirmatively links
the accused to the contraband is sufficient to prove he knowingly possessed
it.  Id.  The evidence must establish that the accused=s connection with
the drugs was more than just fortuitous, but need not be so strong that it excludes
every other reasonable hypothesis except the defendant=s guilt.  Id.
at 748.








Circumstantial evidence relevant to establish affirmative
links between appellant and the contraband includes:  (1) appellant=s presence when
the contraband was discovered; (2) whether the contraband was in plain view;
(3) appellant=s proximity to and accessability of the narcotic; (4)
whether appellant was under the influence of narcotics when arrested; (5)
whether appellant possessed other contraband when arrested; (6) whether appellant
made incriminating statements when arrested; (7) whether appellant attempted to
flee; (8) whether appellant made furtive gestures; (9) whether there was an
odor of the contraband; (10) whether other contraband or drug paraphernalia was
present; (11) whether the place where the drugs were found was enclosed; and
(12) whether appellant owned or had the right to possess the place where the
drugs were found.  See Hyett v. State, 58 S.W.3d 826, 830 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d).  The above list is not exhaustive;
affirmative links are established by a totality of the circumstances.  Sosa
v. State, 845 S.W.2d 479, 483B84 (Tex. App.CHouston [1st
Dist.] 1993, pet. ref=d).  The number of factors is not as
important as the logical force the factors have in establishing the elements of
the offense.  Jones v. State, 963 S.W.2d 826, 830 (Tex. App.CTexarkana 1998,
pet. ref=d). 

In this case, the evidence shows that appellant was the
sole occupant of the vehicle in which the cocaine was found.  The cocaine was
found in the glove box of the vehicle, and appellant was observed making a
furtive movement toward the glove box before he stopped his car.  Deputy Copher
smelled the odor of burnt marijuana when he approached the car, and found
marijuana stems and seeds on the floor of the car.  Further, appellant told
Deputy Copher he had purchased the car within the last two months.  Viewing the
evidence in the light most favorable to the verdict, we believe a rational jury
could have found the essential elements of the offense beyond a reasonable
doubt.  Appellant=s first issue is overruled.








In his second issue, appellant contends the evidence is
factually insufficient to support a conviction.  In reviewing factual
sufficiency of the elements of the offense, we view all of the evidence without
the prism of in the light most favorable to the verdict, and set aside the
verdict only if it is so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust.  Cain v. State, 958 S.W.2d 404, 407
(Tex. Crim. App. 1997).  To reverse a case on a factual sufficiency challenge,
we must be able to say, with some objective basis in the record, that the great
weight and preponderance of evidence contradicts the jury=s verdict.  See
Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).  In examining
a factual sufficiency challenge, we defer to the factfinder=s determination of
the credibility of the evidence.  Swearingen v. State, 101 S.W.3d 89, 97
(Tex. Crim. App. 2003).

Appellant did not present any evidence. He contends,
however, that the State=s evidence is so weak as to undermine
confidence in the jury=s verdict.  Having reviewed the evidence
in a neutral light, we find the verdict is not so contrary to the overwhelming
weight of the evidence as to be clearly wrong or manifestly unjust.  Appellant=s second issue is
overruled.

The judgment of the trial court is affirmed.

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed December 28, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).