MARY'S OPINION HEADING 









                                                NOS.
12-06-00125-CR

          12-06-00126-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

JACOBY L. JONES, §                      APPEAL
FROM THE 294TH

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      VAN
ZANDT COUNTY, TEXAS

                                                                                                                                    
                       

MEMORANDUM
OPINION

            A jury convicted Appellant Jacoby L. Jones of possession
of more than four ounces but less than five pounds of marijuana, a state jail
felony.  The jury also found Appellant
guilty of the state jail felony of evading arrest or detention in a
vehicle.  The indictments in both cases
alleged that Appellant had been convicted of two felony offenses.  Appellant pleaded “true” to the enhancement
allegations, and the jury assessed his punishment in each case at imprisonment
for twenty years and a $10,000 fine. 
Appellant contends that the convictions are not supported by legally or
factually sufficient evidence.  We
affirm.

 

Background








            Trooper Brady Lunceford stopped a car driven by Appellant
on Interstate Highway 20 for twice failing to signal a change of traffic
lanes.  The only other occupant of
Appellant’s car was a Mr. Ingram. 
Trooper Lunceford testified that in talking to Appellant and Ingram, he
developed a suspicion that the automobile contained contraband.  Both occupants told him they had driven from
Illinois to Dallas to meet some strippers, but neither of them could tell how
they had met the exotic dancers they had come so far to see.  Appellant told Trooper Lunceford the car
belonged to Ingram. But Ingram first stated that he did not know who owned the
car, and then said it belonged to a friend of his cousin.  Their stated destination was Chicago, but
they were traveling on Interstate 20 rather than Interstate 30, the most direct
route from Dallas to Illinois.  Trooper
Lunceford also noted that Appellant seemed abnormally nervous.

            Trooper Lunceford told Appellant that he was giving him a
warning ticket, but he also asked Appellant for consent to search the
vehicle.  Appellant refused.  Trooper Lunceford then told Appellant to
stand farther from the highway and wait while he called for a drug dog.  Instead of waiting, Appellant ran to the
car.  Trooper Lunceford ordered Appellant
to stop and chased him to his vehicle. 
Despite Trooper Lunceford’s warning, Appellant drove away.  The officer returned to his patrol car,
pursued Appellant, and stopped his vehicle some distance down the highway.  Trooper Lunceford searched the vehicle where
he discovered a brick of marijuana between the driver’s seat and the front
passenger seat.

 

Sufficiency of the Evidence–Standard of Review

            In four issues, Appellant challenges the legal and
factual sufficiency of the evidence to support his convictions.  The standard for reviewing a legal
sufficiency challenge is whether, viewing the evidence in the light most
favorable to the jury’s verdict, any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S.
307, 317-18, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979); see also Johnson
v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).  In reviewing factual sufficiency, we must ask
whether a neutral review of all the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine our
confidence in the jury’s determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof.  Johnson v. State, 23 S.W.3d 1,
11 (Tex. Crim. App. 2000); see also Watson v. State, 204 S.W.3d
404, 417 (Tex. Crim. App. 2006).

 

Evading Arrest

            In his first two issues, Appellant challenges the legal
and factual sufficiency of the evidence to support his conviction for evading
arrest or detention in a vehicle.

            A person commits an offense if (1) he intentionally flees
(2) from a person he knows to be a peace officer (3) attempting lawfully to
arrest or detain him.  Tex. Penal Code Ann. § 38.04(a) (Vernon
2003).  The offense is a state jail
felony if the actor uses a vehicle while the actor is in flight.  Id. § 38.04(b)(1).

            A temporary investigative detention is reasonable, and
therefore constitutional, if (1) the officer’s action was justified at the
detention’s inception, and (2) the detention was reasonably related in scope to
the circumstances that justified the initial interference.  Terry v. Ohio, 392 U.S. 1,
18-19, 88 S. Ct. 1868, 1878, 20 L. Ed. 2d 889 (1968).  To be justified, the officer must be able to
point to specific articulable facts which, taken together with rational
inferences from those facts, reasonably warrant that intrusion.  Id., 392 U.S. at 21, 88 S. Ct. at
1880; Davis v. State, 947 S.W.2d 240, 242 (Tex. Crim. App.
1997).  An investigative stop must be
temporary and last no longer than is necessary to accomplish its purpose.  Davis, 947 S.W.2d at 243
(citing Florida v. Royer, 460 U.S. 491, 500, 103 S. Ct. 1319,
1325, 75 L. Ed. 2d 229 (1983)).  We
review the reasonableness of the detention from the same standpoint as the
officer:  using an objective standard, we
ask whether the facts available to him at the moment of detention would warrant
a person of reasonable caution in the belief that the detention was
appropriate.  Terry, 392
U.S. at 21-22, 88 S. Ct. at 1880; Davis, 947 S.W.2d at 243.

            An officer’s decision to stop a motorist is reasonable if
the officer has probable cause to believe that a traffic violation has
occurred.  Walter v. State,
28 S.W.3d 538, 542 (Tex. Crim. App. 2000). 
During a routine traffic stop, the officer is permitted to detain the
individual to check for outstanding warrants. 
See id.  In Kothe
v. State, 152 S.W.3d 54 (Tex. Crim. App. 2004), the court of criminal
appeals explained as follows:

 

On
a routine traffic stop, police officers may request certain information from a
driver, such as a driver’s license and car registration, and may conduct a
computer check on that information.  It
is only after this computer check is completed, and the officer knows that this
driver has a currently valid license, no outstanding warrants, and the car is
not stolen, that the traffic-stop investigation is fully resolved.  It is at this point that the detention must
end and the driver must be permitted to leave.

 

 

Id. at
63-64.  The court continued that 

neither
the Fourth Amendment nor the Supreme Court dictate that an officer making a Terry
traffic stop must investigate the situation in a particular order.  A traffic stop may involve both an
investigation into the specific suspected criminal activity and a routine check
of the driver’s license and car registration. 
Only if a license check “unduly prolongs” the detention is the officer’s
action unreasonable under the circumstances.

 

 

Id. at
65.  The officer may also request
liability insurance information, the driver’s destination, and the purpose of
the trip.  See Veal v. State,
28 S.W.3d 832, 835 (Tex. App.–Beaumont 2000, pet. ref’d); see also Willis
v. State, 192 S.W.3d 585, 590-91 (Tex. App.–Tyler 2006, no pet.).  While the officer waits for the result of a
computer warrant check, his questioning of the person detained about matters
unrelated to the initial traffic stop does not violate the Fourth Amendment,
because such questioning does not extend the duration of the detention.  Haas v. State, 172 S.W.3d 42,
50 (Tex. App.–Waco 2005, pet. ref’d) (citing United States v. Sharpe,
470 U.S. 675, 687, 105 S. Ct. 1568, 1576, 84 L. Ed. 2d 605 (1985)).  “The propriety of the stop’s duration is
judged by assessing whether the police diligently pursued a means of
investigation that was likely to dispel or confirm their suspicions quickly.”  Davis, 947 S.W.2d at 245
(quoting United States v. Sharpe, 470 U.S. 675, 686, 105 S. Ct.
1568, 1575, 84 L. Ed. 2d 605 (1985)).  A
prolonged interrogation exceeding the scope of the initial stop may cease to be
an investigative stop.  See Haas,
172 S.W.3d at 50.  There is, however, no
rigid time limitation.  Herrera v.
State, 80 S.W.3d 283, 288 (Tex. App.–Texarkana 2002, pet. ref’d).

            A traffic stop may turn into a proper nonarrest
investigatory detention, but the second stage of the seizure must be supported
by the reasonable suspicion required for investigatory detentions.  40 George
E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Procedure
§ 10.23 (2d ed. 2001).  In United
States v. Brigham, 382 F.3d 500 (5th Cir. 2004), the en banc Fifth
Circuit held that “a traffic detention may last as long as is reasonably
necessary to effectuate the purpose of the stop, including the resolution of
reasonable suspicion [regarding offenses other than that for which the stop was
made], supported by articulable facts within the officer’s professional
judgment, that emerges during the stop.” 
Brigham, 382 F.3d at 512. 
Once the investigation of the conduct that was the subject of the
traffic stop is concluded, the continued detention of the subject is
permissible only if the officer, on the basis of observations and information
developed during the stop, reasonably suspects that the person detained had
engaged, was engaging, or was soon to engage in criminal conduct.  Le Blanc v. State, 138 S.W.3d
603, 605 (Tex. App.–Houston [14th Dist.] 2004, no pet.) (citing Woods v.
State, 956 S.W.2d 33, 35, 38 (Tex. Crim. App. 1997)).  

Analysis

            Appellant does not challenge the validity of the initial
traffic stop.  Rather, he contends that
Trooper Lunceford had already given him a warning citation for improper lane
change.  Therefore, he argues, the
traffic stop investigation had concluded, and Trooper Lunceford’s effort to
prolong his detention until the arrival of a drug dog was not justified or
lawful.  Since his continued detention
was not warranted, Appellant claims, he was entitled to leave the scene of the
initial stop despite Trooper Lunceford’s orders.  Therefore, his flight was not while Trooper
Lunceford was attempting to lawfully arrest or detain him.

            The story told by Appellant and his passenger that they
had driven for two days from Chicago to Dallas to meet some strippers was
inherently implausible when considered with their inability to recall how they
had first met the objects of their pilgrimage. 
The trooper observed no clothing or personal items in the car that would
normally be taken on an extended trip. Neither Appellant nor Ingram, his
passenger, knew to whom the car belonged. 
Their stated destination was Chicago, but  they were not proceeding in that direction.[1]  Appellant was abnormally nervous.

            Trooper Lunceford’s observations made and information
gained during the initial traffic stop warranted a reasonable suspicion that
the car Appellant was driving contained contraband.  Summoning the drug dog was the quickest and
best way to resolve that suspicion. 
Appellant’s continued detention under these circumstances was
reasonable.  Appellant admitted that he
disregarded Trooper Lunceford’s order to stop and fled to avoid detection of
the marijuana he knew was in the car. 
His intentional flight from the scene of the stop in the vehicle despite
Trooper Lunceford’s order to wait beside the road until the arrival of the drug
dog was an evasion of a lawful detention. 
The evidence is both legally and factually sufficient to support
Appellant’s conviction for evading arrest or detention in a vehicle.

 

Possession of Marijuana

            In his third and fourth issues, Appellant contends the
evidence is both legally and factually insufficient to support his conviction
for possession of marijuana.

            To prove possession of a controlled substance, the State
must establish (1) that the defendant exercised actual care, control, and
management over the contraband, and (2) that the defendant knew that the
substance in his possession was contraband. 
King v. State, 895 S.W.2d 701, 703 (Tex. Crim. App.
1995).  When an accused is not in
exclusive possession and control of the place where the contraband is found, it
cannot be concluded that he had knowledge or control over the contraband unless
there are additional independent facts and circumstances that affirmatively
link him to the contraband.  See Brown
v. State, 911 S.W.2d 744, 747-48 (Tex. Crim. App. 1995).  The Brown court explained the
application of the affirmative links doctrine, as follows:

 

[U]nder
our law, an accused must not only have exercised actual care, control, or
custody of the substance, but must also have been conscious of his connection
with it and have known what it was, [and] evidence which affirmatively links
him to it suffices for proof that he possessed it knowingly.  Under our precedents, it does not really
matter whether this evidence is direct or circumstantial.  In either case it must establish, to the
requisite level of confidence, that the accused’s connection with the drug was
more than just fortuitous.  This is the
whole of the so-called “affirmative links” rule.

 

 

Id. at 747.

            Appellate courts have developed a nonexclusive list of
factors appropriate in determining whether the evidence is sufficient to
affirmatively link the accused with the controlled substance.  See, e.g., Lassaint v. State,
79 S.W.3d 736, 740-41 (Tex. App.–Corpus Christi 2002, no pet.).  The number of applicable factors is not as
important as the logical force those factors present have in establishing the
elements of the offense.  See Jones
v. State, 963 S.W.2d 826, 830 (Tex. App.–Texarkana 1998, pet. ref’d).  Whether the evidence is sufficient to
affirmatively link the accused to the contraband must be answered on a case by
case basis.  Whitworth v. State,
808 S.W.2d 566, 569 (Tex. App.–Austin 1991, pet. ref’d).

            Appellant testified that he knew marijuana was in the
car, and that he fled in the vehicle to prevent discovery of the
contraband.  He maintains, however, that
the evidence is both legally and factually insufficient to show that he had
actual care, control, and management over the marijuana.  He argues that the trooper found no marijuana
on his person, nor did he find Appellant in possession of a suspiciously large
amount of money.  Further, Trooper
Lunceford did not testify to facts from which it could be inferred that
Appellant had recently consumed marijuana, and the marijuana was located as
close to the passenger as to Appellant.

            Trooper Lunceford testified that he discovered the brick
of marijuana in plain view in the middle of the front seat equally and easily
accessible to both Appellant and Ingram. 
Appellant was the driver of the car carrying the contraband back to
Chicago.  When confronted with the
certainty that the contraband would soon be discovered, Appellant attempted to
flee to prevent its discovery.  We
conclude that the logical force of these links is sufficient to connect
Appellant to the contraband so that a rational fact finder could find beyond a
reasonable doubt that Appellant exercised care, custody, control, or management
over the contraband.  Measured against
the appropriate standards of review, the evidence is both legally and factually
sufficient to support his conviction for the possession of marijuana.  Appellant’s third and fourth issues are
overruled.

 

Disposition

            The judgment is affirmed.

 

                                                                                                    BILL BASS 
  

                                                                                                            Justice

 

 

Opinion
delivered May 16, 2007.

Panel
consisted of Griffith, J., Hoyle, J., and Bass, Retired Justice, Twelfth Court
of Appeals, Tyler, sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] Trooper Lunceford testified at the
suppression hearing, but not at trial, that when he asked for a computer check
for outstanding warrants, the dispatcher informed him that it would take some
time because Appellant’s arrest record was thirty pages long.  Trooper Lunceford then asked the dispatcher
for the last five years.  Appellant fled
before the check was completed.