NO. 12-04-00118-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
FREDERICK D. WILKINS,                              §                APPEAL FROM THE 114TH
APPELLANT
 
V.                                                                         §                JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                         §                SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Frederick D. Wilkins appeals his conviction for possession of four hundred grams or more
of cocaine. Appellant raises two issues on appeal. We affirm.
 
Background
            On July 16, 2003, Highway Patrol Officer Corporal Wayne Hellen stopped a vehicle on
Interstate 20 in Smith County, Texas for following too closely to a tractor-trailer rig. The car was a
rental vehicle. The driver of the vehicle was Berdell Willis. Willis was listed as the renter on the
rental agreement he showed to Hellen. Appellant, who was riding in the front passenger seat, was
listed on the rental agreement as an authorized driver. The rental agreement indicated that Willis had
rented the car the day before.
            According to Hellen, Willis appeared very nervous—his hands were trembling and the artery
in his neck was visibly throbbing. Although Appellant appeared to be sleeping, Hellen stated that
he thought Appellant was feigning sleep to avoid having to talk to him.
            Willis told Hellen that he was returning home to Mississippi after having taken Little
Raymond, his eight-year-old nephew, to visit his grandmother in Dallas. Willis further stated that
he and Appellant had only been in Dallas a few days. Appellant told Hellen that he and Willis had
gone to Dallas to pick up Little Raymond to take him to his mother in Mississippi. However,
according to Appellant, when he and Willis could not find Little Raymond, they left Dallas and
headed for Mississippi.
            After noticing a strong air freshener smell emanating from the car, Hellen asked Willis for
consent to search the vehicle. When Willis declined, Hellen called dispatch to have a drug dog sniff
the car for narcotics. Subsequently, Smith County Deputy John Smith and his drug dog arrived on
the scene. Upon Smith’s arrival, Hellen asked Willis and Appellant to get out of the vehicle. Hellen
noted that when Appellant exited the vehicle, tears began running down his face.


 Smith’s dog then
sniffed the vehicle and alerted to it, indicating the presence of narcotics, which prompted Hellen and
Smith to conduct a search of the vehicle. During the search, Smith located a brick of cocaine with
four plastic bags over it underneath the front passenger seat. The cocaine weighed more than four
hundred grams and was very pure.
            Appellant was charged with possession of four hundred grams or more of cocaine and pleaded
“not guilty.” The matter proceeded to jury trial, and, ultimately, the jury found Appellant guilty as
charged and assessed Appellant’s punishment at imprisonment for ten years. This appeal followed.
 
Evidentiary Sufficiency
            In his first issue, Appellant argues that the evidence was legally insufficient to support the
jury’s verdict. In his second issue, Appellant contends that the evidence was factually insufficient
to support the jury’s verdict.
Legal Sufficiency
            Legal sufficiency is the constitutional minimum required by the Due Process Clause of the
Fourteenth Amendment to sustain a criminal conviction. See Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-787, 61 L. Ed. 2d 560 (1979); see also Escobedo v. State, 6 S.W.3d 1, 6
(Tex. App.–San Antonio 1999, no pet.). The standard for reviewing a legal sufficiency challenge is
whether any rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; see also Johnson v. State, 871
S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to
the jury’s verdict. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; Johnson, 871 S.W.2d at 186. A
successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. 
See Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-218, 72 L. Ed. 2d 652 (1982).
            The sufficiency of the evidence is measured against the offense as defined by a hypothetically
correct jury charge. See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge
would include one that “accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State’s burden of proof or unnecessarily restrict the State’s theories of
liability, and adequately describes the particular offense for which the defendant is tried.” Id. 
            To support a conviction for possession of a controlled substance, the State must show (1) that
the accused exercised actual care, control, or custody of the substance, (2) that he was conscious of
his connection with it, and (3) that he possessed the substance knowingly or intentionally. See Tex.
Health & Safety Code Ann. §§ 481.103(3)(D), 481.115(f) (Vernon 2003 & Supp. 2004–05);
Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). The evidence used to satisfy these
elements can be either direct or circumstantial. Id. 
            Be it by direct or circumstantial evidence, the State must establish that the accused’s
connection with the substance was more than just fortuitous. Id. However, when the contraband is
not found on the accused’s person or is not in the accused’s exclusive possession, additional facts
must affirmatively link the accused to the contraband. See Jones v. State, 963 S.W.2d 826, 830 (Tex.
App.–Texarkana 1998, pet. ref’d). The affirmative link ordinarily emerges from an orchestration of
several factors and the logical force they have in combination. Id.
            Among the non-exclusive factors that may be considered when evaluating affirmative links
are (1) whether the contraband was in plain view or recovered from an enclosed place; (2) whether
the accused was the owner of the premises or had the right to possess the place where the contraband
was found or was the owner or driver of the automobile in which the contraband was found; (3)
whether the accused was found with a large amount of cash; (4) whether the contraband was
conveniently accessible to the accused or found on the same side of the vehicle as the accused was
sitting; (5) whether the contraband was found in close proximity to the accused; (6) whether a strong
residual odor of the contraband was present; (7) whether the accused possessed other contraband when
arrested; (8) whether paraphernalia to use the contraband was in view or found on the accused; (9)
whether the physical condition of the accused indicated recent consumption of the contraband in
question; (10) whether conduct by the accused indicated a consciousness of guilt; (11) whether the
accused attempted to escape or flee; (12) whether the accused made furtive gestures; (13) whether the
accused had a special connection to the contraband; (14) whether the occupants of the premises gave
conflicting statements about relevant matters; (15) whether the accused made incriminating statements
connecting himself to the contraband; (16) the quantity of the contraband; and (17) whether the
accused was observed in a suspicious place under suspicious circumstances. See Lassaint v. State,
79 S.W.3d 736, 740–41 (Tex. App.–Corpus Christi 2002, no pet.). 
            In the case at hand, Hellen testified that Interstate 20 was a heavily traveled narcotics corridor
and that most drug couriers use rental cars to avoid having their own vehicles subject to seizure if they
are apprehended. Hellen further testified that Dallas has become a narcotics hub where people come
from around the country to pick up drugs and take them back to their hometown. The record reflects
that Appellant and Willis were stopped on Interstate 20 in a rental car and that Appellant’s name
appeared on the rental application as an authorized driver and that Appellant’s driver’s license number
was typed onto the rental agreement. See, e.g., Mohmed v. State, 977 S.W.2d 624, 627 (Tex.
App.–Fort Worth 1998, pet. ref’d). The application indicated that Willis had rented the car the day
before. Willis and Appellant gave conflicting stories about the underlying reasons for their trip from
Mississippi to Dallas. An overwhelming scent of air fresheners emanated from the car, which Hellen
stated is an indicator of a common practice employed by drug traffickers to cut down the smell of the
drugs. Hellen testified that Appellant appeared to be feigning sleep to avoid having to talk to Hellen. 
Moreover, when Appellant exited the vehicle, tears began running down his face. Hellen further
stated that the cocaine Smith located was found underneath the passenger seat in which Appellant was
sitting and was a large amount of cocaine with a high level of purity weighing two and one-half
pounds.
            Examining the aforementioned evidence in the light most favorable to the jury’s verdict and
in light of the nonexclusive factors set forth above, we conclude that the jury could have reasonably
determined beyond a reasonable doubt that Appellant knowingly and intentionally possessed the
cocaine located under the car seat in which he was traveling, that he exercised actual care, custody,
or control of the cocaine, and that he was conscious of his connection with it. Therefore, we hold that
the evidence was legally sufficient to support the jury’s verdict. Appellant’s first issue is overruled.
Factual Sufficiency
            Turning to Appellant’s contention that the evidence was not factually sufficient to support the
jury’s verdict, we must first assume that the evidence was legally sufficient under the Jackson
standard. See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). We then consider all
of the evidence weighed by the jury that tends to prove the existence of the elemental fact in dispute
and compare it to the evidence that tends to disprove that fact. See Santellan v. State, 939 S.W.2d
155, 164 (Tex. Crim. App. 1997). Although we are authorized to disagree with the jury’s
determination, even if probative evidence exists that supports the verdict, see Clewis, 922 S.W.2d at
133, our evaluation should not substantially intrude upon the jury’s role as the sole judge of the weight
and credibility of witness testimony. Santellan, 939 S.W.2d at 164. Where there is conflicting
evidence, the jury’s verdict on such matters is generally regarded as conclusive. See Van Zandt v.
State, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref’d). Ultimately, we must ask whether a
neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt
is so obviously weak as to undermine our confidence in the jury's determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000).


 
            A verdict will be set aside “only if the evidence supporting guilt is so obviously weak, or the
contrary evidence so overwhelmingly outweighs the supporting evidence, as to render the conviction
clearly wrong and manifestly unjust.” Ortiz v. State, 93 S.W.3d 79, 87 (Tex. Crim. App. 2002); see 
 Sims v. State, 99 S.W.3d 600, 601 (Tex. Crim. App. 2003). A clearly wrong and manifestly unjust
verdict occurs where the jury's finding “shocks the conscience,” or “clearly demonstrates bias.” 
Zuniga, 144 S.W.3d at 481.
            As the court of criminal appeals explained in Zuniga, “There is only one question to be
answered in a factual-sufficiency review: Considering all of the evidence in a neutral light, was a jury
rationally justified in its finding of guilt beyond a reasonable doubt?” See id. at 484. 
            In the case at hand, in addition to the evidence already discussed, the record reflects that some
factors tend to support that Appellant could not be affirmatively linked to the cocaine in question. For
instance, as Appellant notes in his brief, (1) the cocaine was not in plain view, (2) Appellant had not
signed or initialed the rental agreement, (3) Appellant did not have a large amount of cash on his
person when he was arrested, (4) Hellen stated that he could not smell the cocaine when he was
speaking to Willis and Appellant, (5) Appellant did not possess any contraband or drug paraphernalia
at the time of his arrest, (6) Appellant was not impaired due to the consumption of narcotics, (7)
Appellant did not attempt to escape, and (8) Appellant made no furtive gestures or incriminating
statements.
            We have reviewed the record in its entirety. We iterate that our evaluation should not
substantially intrude upon the jury’s role as the sole judge of the weight and credibility of witness
testimony, see Santellan, 939 S.W.2d at 164, and where there is conflicting evidence, the jury’s
verdict on such matters is generally regarded as conclusive. See Van Zandt, 932 S.W.2d at 96. We
further note that there is no set formula for finding an affirmative link, but rather affirmative links are
established by a consideration of a totality of the circumstances. See Hyett v. State, 58 S.W.3d 826,
830 (Tex. App.–Houston [14th Dist.] 2001, pet. ref’d). 
            Given the circumstances in the instant case, we conclude that the jury was entitled to find that
the evidence tending to link Appellant to the cocaine in question was of greater consequence than the
evidence not tending to so link Appellant. As to evidence concerning whether Appellant or Willis
cried prior to the search of the vehicle, the jury was entitled to find that the facts Hellen related
concerning his observation of Appellant on the night in question more accurately portrayed the events
that had, in fact, transpired as opposed to the observation noted by Smith in his testimony. See, e.g.,
Thompson v. State, 54 S.W.3d 88, 97 (Tex. App.–Tyler 2001, pet. ref’d). Our review of the record
as a whole, with consideration given to all of the evidence, both for and against the jury’s finding, has
not revealed to us any evidence that causes us to conclude that the proof of guilt is so obviously weak
or is otherwise so greatly outweighed by contrary proof as to render Appellant’s conviction clearly
wrong or manifestly unjust. Therefore, we hold that the evidence is factually sufficient to support the
jury’s verdict. Appellant’s second issue is overruled.
 
Disposition
Having overruled Appellant’s issues one and two, we affirm the trial court’s judgment.
 
 
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered August 3, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
(DO NOT PUBLISH)