NO.
12-05-00319-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

RODNEY HAMILTON,       §                      APPEAL
FROM THE 241ST

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Appellant
Rodney Hamilton appeals his conviction for possession of a controlled
substance.  In two issues, Appellant
challenges the legal and factual sufficiency of evidence and asserts that he
was denied effective assistance of counsel. 
We affirm.

 

Background

            Appellant was charged by indictment
for the felony offense of possession of methamphetamine and “3,4
methylenedioxymethamphetamine”in amounts of four grams or more but less than
200 grams.[1]   He pleaded “not guilty” and elected to have
a jury decide his guilt or innocence.

            At trial, the State called James
Godwin, a trooper with the Texas Department of Public Safety, to testify.  Officer Godwin testified that on May 14,
2004, he “clocked” Appellant driving five miles per hour above the posted speed
limit on Interstate 20.  He was traveling
westbound as Appellant was traveling eastbound. 
Officer Godwin turned his vehicle around to pursue Appellant, but before
he initiated his siren or flashing lights, Appellant exited the
interstate.  After Officer Godwin stopped
him, Appellant obeyed the officer’s instructions and stepped outside the
vehicle, but appeared “overly nervous.” 
Appellant confirmed that he was driving a vehicle that he had
rented.  He told the officer that he was
driving from Dallas to Shreveport to attend his uncle’s funeral and had exited
from the interstate because his passenger needed to use the restroom.  When Officer Godwin approached the passenger
side of the vehicle, he smelled burned marijuana.  Rodney Wilbert was seated in the front
passenger seat.  Wilbert told the officer
that he had been in Dallas to visit his girlfriend who had just had a
baby.  He did not mention returning to
Louisiana because of Appellant’s uncle’s death. 
Wilbert said that they had exited from the interstate to buy
cigarettes.  After smelling marijuana,
noting Appellant’s and Wilbert’s  nervous
behaviors, and considering their conflicting stories of where they were going
and where they had been, Officer Godwin requested and received permission from
Appellant to search the vehicle.

            Upon searching the vehicle, Officer
Godwin found a plastic bag containing 305 Ecstasy[2] pills under the
front passenger seat.  He did not find
any luggage in the vehicle.  Officer
Godwin arrested Appellant and Wilbert and then placed them in the back of his
DPS car.  A video camera installed in the
car recorded Appellant and Wilbert talking. 
During their conversation, Appellant told Wilbert that they had “talked
about this too many times” and that he should have thrown the pills out of the
window as soon as they saw the DPS vehicle. 
He also said there were better places to hide the pills.  He told Wilbert to take the blame for the
drugs and he would bail him out.

            Adrian Jones of Enterprise Car
Rentals testified for the State.  She
stated that Appellant rented vehicles nine times in the last six months and
drove a total of 2,366 miles.  She said
that their company policy requires them to search every vehicle for “left items”
after it is returned.  Jones also said
that if the vehicle smells like marijuana, they keep it out of rental
circulation for a few days until the smell abates.  After the State rested, Appellant moved for
an instructed verdict, which was denied.

            Florence Edna Hamilton, Appellant’s
mother, testified that her brother had been gravely ill and then died.  She confirmed that she called Appellant and
asked him to return to Shreveport on May 14.

            Appellant then testified on his own behalf.  He said that he travels frequently for his
record business and rents vehicles because he cannot afford to buy one.  He confirmed Officer Godwin’s testimony that
the vehicle smelled like marijuana and asserted that he complained of that to
the rental car agency upon renting it. 
However, he was told that this vehicle was the only vehicle available. 

            Appellant conceded that he was
driving five miles over the speed limit when the DPS officer stopped him.  He claims he had a small duffel bag with a few
clothes in it.  Appellant denied that the
drugs were his or that he knew that Wilbert had them in the vehicle.  He admitted that he had been convicted twice
before for cocaine distribution and possession. 
He also conceded that while on community supervision from these
convictions, he was charged with jury tampering and possession of opium and his
community supervision was revoked.  

            At the conclusion of the
guilt/innocence phase, the jury found Appellant guilty.  After hearing evidence and argument from the
parties, the jury sentenced Appellant to fifty years of imprisonment and
assessed a $5,000.00 fine.  This appeal
followed. 

 

Sufficiency of the
Evidence

            In his first issue, Appellant
challenges the legal and factual sufficiency of the evidence supporting his
conviction.  Specifically, he asserts
that the State failed to establish that he was affirmatively linked to the
care, custody, and control of the contraband. 


Legal
Sufficiency

            Legal sufficiency is the
constitutional minimum required by the Due Process Clause of the Fourteenth
Amendment to sustain a criminal conviction. 
Escobedo v. State, 6 S.W.3d 1, 6 (Tex. App.–San Antonio
1999, pet. ref’d) (citing Jackson v. Virginia, 443 U.S. 307,
315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979)).  In reviewing a legal sufficiency challenge,
the appellate court examines the evidence in the light most favorable to the
judgment to determine whether a rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  Johnson v. State, 871 S.W.2d
183, 186 (Tex. Crim. App. 1993) (citing Jackson, 443 U.S. at 319,
99 S. Ct. at 2789).  The conviction will
be sustained “unless it is found to be irrational or unsupported by more than a
‘mere modicum’ of the evidence.”  Moreno
v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).  The jury is the exclusive judge of (1) the
facts, (2) the credibility of the witnesses, and (3) the weight to be given to
the testimony of each witness.  Barnes
v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994); Penagraph
v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981).  Any reconciliation of conflicts and
contradictions in the evidence is entirely within the jury’s domain.  Losada v. State, 721 S.W.2d
305, 309 (Tex. Crim. App. 1986).  The jury
is entitled to draw reasonable inferences from the evidence.  Benavides v. State, 763 S.W.2d
587, 588-89 (Tex. App.–Corpus Christi 1988, pet. ref’d).  A successful legal sufficiency challenge
results in the rendition of an acquittal by the reviewing court.  See Tibbs v. Florida, 457 U.S.
31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982).

Applicable Law

            To support a conviction for
possession of a controlled substance, the State must show  that the accused exercised actual care,
control, or custody of the substance, that he was conscious of his connection
with it, and that he possessed the substance knowingly or intentionally.  See Brown v. State, 911
S.W.2d 744, 747 (Tex. Crim. App. 1995). 
The evidence used to satisfy these elements can be either direct or
circumstantial.  Id.  

            Whether it is by direct or
circumstantial evidence, the State must establish that the accused’s connection
with the substance was more than just fortuitous.  Id.  However, when the contraband is not found on
the accused’s person or is not in the accused’s exclusive possession,
additional facts must affirmatively link the accused to the contraband.  See Jones v. State, 963 S.W.2d
826, 830 (Tex. App.–Texarkana 1998, pet. ref’d).  The affirmative link ordinarily emerges from
an orchestration of several factors and the logical force they have in
combination.  Id.  

            Among the nonexclusive factors that
may be considered when evaluating affirmative links are (1) whether the
contraband was in plain view or recovered from an enclosed place; (2) whether
the accused was the owner of the premises, or had the right to possess the
place where the contraband was found, or was the owner or driver of the
automobile in which the contraband was found; (3) whether the accused was found
with a large amount of cash; (4) whether the contraband was conveniently
accessible to the accused or found on the same side of the vehicle as the
accused was sitting; (5) whether the contraband was found in close proximity to
the accused; (6) whether a strong residual odor of the contraband was present;
(7) whether the accused possessed other contraband when arrested; (8) whether
paraphernalia to use the contraband was in view or found on the accused; (9)
whether the physical condition of the accused indicated recent consumption of
the contraband in question; (10) whether conduct by the accused indicated a
consciousness of guilt; (11) whether the accused attempted to escape or flee;
(12) whether the accused made furtive gestures; (13) whether the accused had a
special connection to the contraband; (14) whether the occupants of the
premises gave conflicting statements about relevant matters; (15) whether the
accused made incriminating statements connecting himself to the contraband;
(16) the quantity of the contraband; and (17) whether the accused was observed
in a suspicious place under suspicious circumstances.  See Lassaint v. State, 79
S.W.3d 736, 740–41 (Tex. App.–Corpus Christi 2002, no pet.).  

Discussion

            In the instant case, Officer Godwin
testified that Interstate 20 was a heavily traveled narcotics corridor from
Dallas to the east coast.  He further
testified that drug couriers often travel in pairs and use rental cars to avoid
having their own vehicles subject to seizure if they are apprehended.  The record reflects that Appellant and
Wilbert were stopped on Interstate 20 in a rental car that Appellant was
driving and had rented the day before in Shreveport.  Officer Godwin found the bag of Ecstasy pills
underneath the front passenger seat in close proximity to Appellant.  Although none was found, Officer Godwin
smelled burned marijuana emanating from the car.  He testified that Appellant appeared
extremely nervous because his hands were trembling and he did not make eye
contact.  No luggage was found in the
vehicle.  Further, Officer Godwin
testified that it was suspicious that Appellant exited from the interstate even
before he had initiated his overhead lights. 
Appellant said they exited because Wilbert needed to use the restroom
whereas Wilbert told the officer they were exiting to get cigarettes.  Likewise, they offered different stories for
their purpose in making the trip to Dallas and back to Shreveport.  Appellant also made statements to Wilbert after
they were arrested suggesting that they had discussed their plan of action
should they be caught with the drugs. 
Officer Godwin found 305 Ecstasy pills having a street value of
approximately $6,000.00.








            Examining the evidence in the light
most favorable to the jury’s verdict and applying the nonexclusive factors set
forth above, we conclude that the jury could have reasonably determined beyond
a reasonable doubt that Appellant exercised actual care, custody, or control of
the Ecstasy, that he was conscious of his connection with it, and that he
knowingly and intentionally possessed the Ecstasy pills located under the front
passenger seat in the car in which he was traveling.  Therefore, we hold that the evidence was
legally sufficient to support the jury’s verdict.

Factual
Sufficiency

            Turning to Appellant’s contention
that the evidence is not factually sufficient to support the jury’s verdict, we
must first assume that the evidence is legally sufficient under the Jackson[3]
standard.  See Clewis v. State,
922 S.W.2d 126, 134 (Tex. Crim. App. 1996). 
We then consider all of the evidence weighed by the jury that tends to
prove the existence of the elemental fact in dispute and compare it to the
evidence that tends to disprove that fact. 
See Santellan v. State, 939 S.W.2d 155, 164 (Tex.
Crim. App. 1997).  Although we are
authorized to disagree with the jury’s determination, even if probative
evidence exists that supports the verdict, see Clewis, 922 S.W.2d
at 133, our evaluation should not substantially intrude upon the jury’s role as
the sole judge of the weight and credibility of witness testimony.  Santellan, 939 S.W.2d at
164.  Where there is conflicting
evidence, the jury’s verdict on such matters is generally regarded as
conclusive.  See Van Zandt v. State,
932 S.W.2d 88, 96 (Tex. App.– El Paso 1996, pet. ref’d).  Ultimately, we must ask whether a neutral
review of all the evidence, both for and against the finding, demonstrates that
the proof of guilt is so obviously weak as to undermine our confidence in the
jury's determination, or the proof of guilt, although adequate if taken alone,
is greatly outweighed by contrary proof. 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).[4]  








            A verdict will be set aside “only if
the evidence supporting guilt is so obviously weak, or the contrary evidence so
overwhelmingly outweighs the supporting evidence, as to render the conviction
clearly wrong and manifestly unjust.”  Ortiz
v. State, 93 S.W.3d 79, 87 (Tex. Crim. App. 2002); see   Sims v. State, 99 S.W.3d 600,
601 (Tex. Crim. App. 2003).  A clearly
wrong and manifestly unjust verdict occurs where the jury's finding “shocks the
conscience,” or “clearly demonstrates bias.” Zuniga, 144 S.W.3d
at 481.  As the court of criminal appeals
explained in Zuniga, “There is only one question to be
answered in a factual sufficiency review: 
Considering all of the evidence in a neutral light, was a jury
rationally justified in its finding of guilt beyond a reasonable doubt?”  See id. at 484.  

Discussion

            In addition to the evidence already
discussed, the record includes some evidence that is favorable to
Appellant.  The record shows that the
Ecstasy pills were not in plain view, but were under the front passenger
seat.  Appellant did not possess any
other contraband, drug paraphernalia, weapons, or large amounts of cash at the
time of his arrest.  He was not impaired
due to the consumption of narcotics. 
Appellant was cooperative and did not attempt to flee.  He admitted that he had prior drug related
convictions, but claimed that he had turned his life around.

            We have reviewed the record in its
entirety.  We iterate that our evaluation
should not substantially intrude upon the jury’s role as the sole judge of the
weight and credibility of witness testimony, see Santellan,
939 S.W.2d at 164, and where there is conflicting evidence, the jury’s verdict
on such matters is generally regarded as conclusive.  See Van Zandt, 932
S.W.2d at 96.  We further note that there
is no set formula for finding an affirmative link, but rather affirmative links
are established by a consideration of a totality of the circumstances.  See Hyett v. State, 58 S.W.3d
826, 830 (Tex. App.–Houston [14th Dist.] 2001, pet. ref’d).  

            Our review of the record as a whole,
with consideration given to all of the evidence, both for and against the jury’s
finding, has not revealed to us any evidence causing us to conclude that the
proof of guilt is so obviously weak or is otherwise so greatly outweighed by
contrary proof as to render Appellant’s conviction clearly wrong or manifestly
unjust.  Therefore, we hold that the
evidence is factually sufficient to support the jury’s verdict.  We overrule Appellant’s first issue.

 

Ineffective
Assistance of Counsel

            In his second issue, Appellant
argues that his former counsel provided ineffective assistance   in three instances.  Specifically, Appellant contends that his
trial counsel failed to pursue a motion to suppress, “opened the door” to
testimony regarding Appellant’s criminal history, and did not object to the
trial court admitting the videotape of the stop or playing it before the jury. 

            We
note that other than presenting the ineffective assistance of counsel standard
of review found in Strickland [5] and its progeny,
Appellant cites no cases in support of his three subissues.  An appellant's brief “must contain a clear
and concise argument for the contentions made, with appropriate citations to
authorities and to the record.”  Tex. R. App. 
P.  38.1(h).  Where an appellant cites the reviewing court
to no specific constitutional provision, statutory authority, or case law to
support his claims, the reviewing court generally does not address the merits
of the issues presented. See, e.g., Rhoades v. State, 934 S.W.2d
113, 119 (Tex. Crim. App. 1996); Vuong v. State, 830 S.W.2d 929,
940 (Tex. Crim. App. 1992).  Appellant
also failed to properly brief the issues by providing analysis or  argument. 
Therefore, he has waived his complaint. 
Accordingly, we overrule Appellant’s second issue.



Disposition

            Having overruled both Appellant’s
issues, we affirm the judgment of the trial court.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion delivered July 31, 2006.

Panel
consisted of Worthen, C.J. and Griffith, J.

 

 

 

 

 

 

 

 

 

 

(DO
NOT PUBLISH)











[1] See Tex. Health & Safety Code
Ann. §§ 481.112, 481.113 (Vernon 2003).





[2] Officer Godwin
testified that Ecstasy is the street name for
3,4-methylenedioxymethamphetamine. 
Made  from methamphetamine, it is
a controlled substance giving its user energy and a euphoric feeling. 





[3] Jackson
v. Virginia, 443 U.S. 307, 99 S.
Ct. 2781, 61 L. Ed. 2d 560 (1979).





[4] However, “contrary
evidence does not have to outweigh evidence of guilt; it has to be only enough
to provide reasonable doubt.”  Zuniga
v. State, 144 S.W.3d 477, 483 (Tex. Crim. App. 2004). 





[5] Strickland v.
Washington, 466 U.S. 668, 104 S.
Ct. 2052, 80 L. Ed. 2d 674 (1984).