ACCEPTED
06-14-00116-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
5/4/2015 10:45:47 PM
DEBBIE AUTREY
CLERK

NO. 06-14-00116-CR & 06-14-00117-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
5/5/2015 9:09:00 AM
DEBBIE AUTREY
Clerk

IN THE COURT OF APPEALS

SIXTH DISTRICT

AT TEXARKANA, TEXAS

_____

JOSEPH JOHN GRUBBS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

APPEAL IN CAUSE NUMBERS 29,725 & 29,417

IN THE 354TH JUDICIAL DISTRICT COURT

OF HUNT COUNTY, TEXAS

_____

BRIEF FOR APPELLANT

_____

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Comes now the Appellant and submits this brief pursuant to the provisions

of the Texas Rules of Appellate Procedure in support of his request for the

judgment of conviction to be overturned in Cause No. 29,725 & 29,417

**Appellant Requests Oral Argument**

# IDENTITY OF PARTIES AND COUNSEL

Appellant's Attorney:
Jason A. Duff
2615 Lee Street
P.O. Box 11
Greenville, Texas 75403-0011

Appellant's Trial Attorney:
Toby Wilkinson
2815 Wesley St.
Greenville, TX  75401

Appellee:
The State of Texas by and through
Noble Walker
Steven Lilley

Hunt County District Attorney
4th Floor Hunt County Courthouse
2500 Lee Street
Greenville, Texas 75401

Appellee's Trial Counsel:
Lauren Hudgeons
Hunt County District Attorney's Office
4th Floor Hunt County Courthouse
2500 Lee Street
Greenville, Texas 75401

# **TABLE OF CONTENTS**

Identity of the Parties and Counsel ................................................................. 2

Table of Contents ........................................................................................... 3

Index of Authorities ........................................................................................ 4

Statement of the Case .................................................................................... 5

Issue Presented ............................................................................................. 6

Statement of the Facts ................................................................................... 7

Summary of the Argument .............................................................................. 8

Argument and Authorities ............................................................................... 9

     **Issue Number One** ................................................................................ 9

     The evidence is legally insufficient to support the conviction of Appellant for unlawful possession of a firearm by a felon or possession of identifying information.

Prayer for relief .............................................................................................. 19

Certificate Compliance of Typeface and Word Count...................................... 20

Certificate of Service....................................................................................... 20

# INDEX OF AUTHORITIES

**FEDERAL CASE:**

*Jackson v. Virginia,* 443 U.S. 307. ...........................................................9

**STATE CASES:**

*Bates v. State*, 155 S.W.3d 212, 216-217 (Tex. App. Dallas 2004, not pet.). ..............................................................................................10

*Evans v. State* 202 S.W. 3d 158, 166 (Tex. Crim. App. 2006)...................11

*James v. State,* 264 S.W. 3d 215, 219 (Tex. App. Houston [1st Dist.] 2008, pet. ref'd) ...............................................................................................11

*Jones v. State*, 963 S.W.2d 826, 830 (Tex. App. Texarkana 1998, pet. ref'd). ..............................................................................................................13

*Nguyen v. State,* 54 S.W.3d 49, 59 (Tex. App. Texarkana 2001, pet ref'd)12

*Smith v. State,* 118 S.W.3d 838, 842 (Tex. App. Texarkana 2003). ..........10

*Smith v. State,* 176 S.W. 3d 907, 916 (Tex. App. Dallas 2005, pet. ref'd) .10

*Vodochodsky v. State,* 158 S.W. 3d 502, (Tex. Crim. App. 2005) ..............9

**STATE STATUTES:**

TEX. PEN. CODE ANN §1.07(a)(39) (Casemaker 2015) ...........................9

TEX. PEN. CODE ANN §6.01 (Casemaker 2015) ......................................9

TEX. PEN. CODE ANN §32.51(b-1)(1) (Casemaker 2015) ........................9

TEX. PEN. CODE ANN §46.04(a)(1) (Casemaker 2015) ...........................9

## STATEMENT OF THE CASE

This is an appeal of two judgments and sentences in criminal cases for the 354th Judicial District, in Hunt County, Texas. Appellant was convicted by a jury for Unlawful possession of firearm by felon and unlawful possession of identifying information. Appellant was assessed a sentence of twenty five (25) years imprisonment for possession of a firearm by a felon and five (5) years imprisonment for possession of identifying information on July 3, 2014 by a jury. Notice of appeal was given on July 8, 2014. The clerk's record was filed November 10, 2014. The reporter's record was filed on February 11, 2014.

## ISSUES PRESENTED

### ISSUE ONE:

THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUPPORT THE CONVICTION OF APPELLANT UNLAWFUL POSSESSION OF A FIREARM BY A FELON OR UNLAWFUL POSSESSION OF IDENTIFYING INFORMATION.

## STATEMENT OF THE FACTS

At trial a Hunt County Deputy named Jay Shallow testified that on August 12, 2013, he responded to a call at a residence in Quinlan, TX. (RR Vol. 10 p. 46). Elizabeth Land and Appellant Grubbs were present at that residence that night and had apparently had an argument. (RR Vol. 10 p. 91). The Residence and the truck and SUV parked there belonged to Land's sister and her husband. Also parked near the residence was the truck that belonged to Appellant. (RR Vol. 10 p. 90).

Deputy Shallow, stated at trial that after he had made contact with Appellant he noticed Land emerge from the darkness and then detained Appellant. Shallow then said he searched the area where Appellant had come from. Shallow looked in their area slightly under a pickup truck and found a .25 caliber pistol from that area as well as five debit cards with a different person's name on them. (RR Vol. 10 p. 51). Later, Shallow testified that he found a .25 caliber bullet in the hands of Appellant. (RR Vol. 10 p. 54). Deputy Shallow admitted that he did not investigate who the pickup or the SUV belonged to, and had the he known one of the pickups belonged to Appellant he would have 'possibly' put it in his report but did not. (RR Vol. 10 p. 71).

7

## SUMMARY OF THE ARGUMENTS

**Issue One:**

*The evidence is legally insufficient to support the conviction of Appellant for unlawful possession of a firearm or the conviction of unlawful possession of identifying information.*

The evidence must show affirmative links between the defendant and the contraband at the scene.

Even when looking at all the evidence in the light most favorable to the State, the evidence does not establish that the logical force of the evidence affirmatively links the firearm or the debit cards, found at the location where Appellant was arrested, to the Appellant himself. Simply stated, there is a complete lack of evidence to establish any affirmative link, which is required to sustain Appellant's conviction.

## **ARGUMENT**

**Issue One:** The evidence is legally insufficient to support the conviction of Appellant for unlawful possession of a firearm, or identifying information

When reviewing legal sufficiency of the evidence, a Court must look at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found that the essential elements of the offense were proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319; *Vodochodsky v. State,* 158 S.W. 3d 502, (Tex. Crim. App. 2005). To support a conviction of the appellant, the State must prove beyond a reasonable doubt that Grubbs was previously convicted of a felony offense and possessed a firearm after the conviction, and before the fifth anniversary of his release from confinement or from supervision, whichever date is later. TEX. PEN. CODE ANN §46.04(a)(1) (Casemaker 2015).  State must have further proved that Grubbs possessed with the intent to defraud, identifying information of another person without the other persons consent. TEX. PEN. CODE ANN §32.51(b)(1). (Casemaker 2015).  The actor is presumed to have the intent to harm or defraud another if the actor possess three or more other persons' information.  TEX. PEN. CODE ANN §32.51(b-1)(1). (Casemaker 2015).

In this case both charges against Appellant relate to the possession of items found, a .25 caliber gun and debit cards (Contraband) were within close proximity to each other.  (RR Vol. 10 p. 51).  Therefore in Appellant's analysis as to the insufficient evidence as to whether Appellant actually possessed the contraband are made together.

Possession means actual care, custody, control or management. TEX. PEN. CODE ANN §1.07(a)(39) (Casemaker 2015). A person commits a possession offense only if he voluntarily possesses the prohibited item.  TEX. PEN. CODE ANN §6.01(a) (Casemaker 2015). Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control. TEX. PEN. CODE ANN §6.01(b) (Casemaker 2015).

The State must prove that appellant exercised actual care, control, or custody of the firearm; he was conscious of his connection with the firearm; and he possessed the firearm knowingly or intentionally.  *Smith v. State,* 118 S.W.3d 838, 842 (Tex. App. Texarkana 2003).

If the firearm is not found on the defendant or is not in his exclusive possession, the evidence must affirmatively link him to the firearm.  *Bates v. State*, 155 S.W.3d 212, 216-217 (Tex. App. Dallas 2004, not pet.).  The State may establish possession by proving links which demonstrate that the

defendant was conscious of his connection with the weapon and knew what it was. *James v. State,* 264 S.W. 3d 215, 219 (Tex. App. Houston [1st Dist.] 2008, pet. ref'd).

This rule protects the innocent bystander, such as a relative, friend, or even stranger to the actual possessor, from conviction merely because of his fortuitous proximity to a firearm belonging to someone else. *Evans v. State* 202 S.W. 3d 158, 166 (Tex. Crim. App. 2006); *Smith v. State,* 176 S.W. 3d 907, 916 (Tex. App. Dallas 2005, pet. ref'd). Factors that may establish affirmative links to a firearm include whether:

(1) the contraband was in a car driven by the accused; (2) the contraband was in a place owned by the accused; (3) the contraband was conveniently accessible to the accused; (4) the contraband was in plain view; (5) the contraband was found in an enclosed space; (6) the contraband was found on the same side of the car as the accused; (7) the conduct of the accused indicated a consciousness of guilt; (8) the accused had a special relationship to the contraband; (9) occupants of the automobile gave conflicting statements about relevant matters; (10) affirmative statements connect the accused to the contraband.

*Nguyen v. State,* 54 S.W.3d 49, 59 (Tex. App. Texarkana 2001, pet ref'd).

In *Bates,* that Court also stated that another relevant factor is if the defendant attempted to flee. *Bates v. State,* 155 S.W. 3d 212, 217. Even though there is no set formula of facts that would lead to a finding of a sufficient amount of links, the Court of Criminal Appeals states that the logical force of the evidence is dispositive, not the number of links. *Evans v. State* 202 S.W. 3d 158, 166 (Tex. Crim. App. 2006).

Applying the factors and accompanying logical force of the evidence standard set out in *Evans,* the State insufficiently relied on evidence which was not enough to create the logical force necessary to allow a rational juror to find that the appellant had the requisite knowledge and control over the gun and credit cards that were found underneath the vehicle.

In this case, the State did not prove beyond a reasonable doubt that Grubbs knowingly or intentionally possessed the contraband that day. Here, Grubbs was not seen to be in direct possession of the gun found by the Deputy by the testifying officer or any other witness.

Regardless of whether direct or circumstantial evidence is used, the State must still establish that the accused's connection to the substance is

not merely fortuitous. *Jones v. State*, 963 S.W.2d 826, 830 (Tex. App. Texarkana 1998, pet. ref'd). Moreover, mere possession of a vehicle in which contraband is found, without additional facts and circumstances connecting the accused to the contraband, will not support a conviction for possession. *Id.* And at the case at bar, Grubbs was not even definitively identified to be in possession of one of the particular vehicles at the time the Deputy arrived on scene.

The contraband was not affirmatively linked to Ms. Grubbs in the evidence presented at trial. Alternatively, no affirmative link can be made taking into account the factors listed the *Nguyen* case.

**1. Was the contraband in a car driven by the accused?**

In this case the answer is no. However, even though this factor is listed first in *Nguyen*, its importance is diminished with the facts of this case because the location of the contraband was found was so remote. Here the contraband was found to be partially underneath a vehicle. (RR Vol. 10 p. 51).

**2. Was the contraband in a place owned by the accused?**

No, the house was owned by Elizabeth Land's Sister and her husband. (RR Vol. 10 p. 88). The state provided no other link of the Appellant to the property.

**3. Was the contraband conveniently accessible to the accused?**

Even though when the Deputy arrived the area was dark, he stated that Appellant came from the area where contraband was ultimately found. (RR Vol. 10 p. 51). Yet there was no evidence presented that the contraband conveniently accessible to Grubbs or any other person.

**4. Was the contraband in plain view?**

As stated in factor number 3 when the Deputy arrived the area was dark. But the deputy had the added benefit of the use of a flashlight where the Appellant did not. (See Sates Exhibit 7). Meaning, the Appellant could have been close to the contraband and not know it because of the lack of light. Thus he would not have lingered near someone else's contraband.

**5. Was the contraband found in an enclosed space?**

The space where the contraband was found, through the testimony of the witness at trial was relatively open and could be assessable by others before the Deputy arrived. In fact, the Deputy admitted that anyone could have possessed the firearm and debit cards before he got there. (RR Vol. 10 p. 81).

**6. Was the contraband found on the same side of the car as the accused?**

As stated above the Deputy stated that Appellant came from the area where contraband was ultimately found. But no more pinpointing evidence was given. Not even so much as that the deputy observed Appellant standing towards the front or rear of the side of the vehicle and that was the same place the Deputy found the contraband.

**7. Did the conduct of the accused indicate a consciousness of guilt?**

In this case, there was no testimony that reflected any indication that Grubbs had a consciousness of guilt. Merely that he was sweaty and that he was not wearing a shirt. (RR Vol. 10 p. 48)

**8. Did the accused have a special relationship to the contraband?**

There is no evidence that indicated Grubbs had a special relationship or even a connection to the gun.

**9. Did occupants of the automobile give conflicting statements about relevant matters?**

No, both Appellant and Land denied a gun was involved. (RR Vol. 10 p. 50).

**10. Any affirmative statements connect the accused to the contraband?**

Grubbs denied ownership of the gun at the time he was arrested.

**11. Did the defendant attempt to flee?**

Here, there is no evidence that Grubbs attempted to flee. There was no evidence that Grubbs tried to evade the Deputy when the Deputy arrived, or even tried to run when he was pulled over. The only evidence given at trial is that Grubbs pulled over and was

The *Evans* case further states that the above is not an inclusive list for affirmative links. *Id.* at 162 n.12. In other words, other factors may be taken

into consideration in establishing a link between the accused and the contraband.

In this case, an additional factor warrants consideration: Were fingerprints taken?

If the contraband found at the scene was in Grubbs' direct possession at some point, and then hidden by Grubbs, it could have his fingerprints somewhere on the gun. Here, extraction of fingerprints from the gun was attempted but not found (RR Vol. 10 p. 117). Thus the affirmative link to possession in this case is weakened even further

The contraband was never found in Grubbs' exclusive possession. The State did not prove that appellant exercised actual care, control, or custody of the contraband; he was conscious of his connection with the firearm; and he possessed the firearm or even the debit cards knowingly or intentionally.

The Deputy does indeed state that Appellant had a bullet in his hand matching the gun that was found, but there is no other evidence Appellant possessed the actual firearm. Moreover, Appellant was not identified as the person holding the gun by the 911 caller, again because they could not see. In this case there were at least three other people who had access to the residence where Appellant. They were Elizabeth Land, her sister and her

17

sister's husband. The video in this case shows at least two other officers and even a police dog. Yet, little to none of the evidence they found if any was presented at trial.

Therefore, even resolving any facts in the State's favor, there is insufficient evidence to affirmatively link Grubbs to the contraband found near a vehicle not definitively determined and his that was parked on property that belongs to someone else. After an examination of the all evidence and relevant factors, the logical force of the evidence dictates that no affirmative link exists between Grubbs and the contraband. Grubbs' mere location is not enough to connect him to the contraband. Grubbs was convicted based solely upon his fortuitous and remote proximity to the contraband found near a vehicle parked on someone else's property. Therefore his conviction should be overturned.

**PRAYER FOR RELIEF**

Wherefore, premises considered, Appellant respectfully prays that his conviction in each of the above entitled and numbered causes be reversed and acquit him.  In the alternative Court finds only insufficient evidence in one case that it at least be reversed.  Appellant further prays for all other lawful relief to which he may be entitled, at law or in equity.

Respectfully submitted,


   */s/ Jason A. Duff*_____
Jason A. Duff
State Bar No. 24059696
2615 Lee Street
P.O. Box 11
Greenville, TX  75403-0011

Attorney for the Appellant

**CERTIFICATE OF COMPLIANCE OF TYPEFACE AND WORD COUNT**

In accordance with Texas Rules of Appellate Procedure 9.4 (e) and (i), the undersigned attorney or record certifies that Appellant's Brief contains 14-point typeface of the body of the brief, 12-point typeface for footnotes in the brief and contains 2,222 words, excluding those words identified as not being counted in appellate rule of procedure 9.4(i)(1), and was prepared on Microsoft Word 2010.


_____*/s/ Jason A. Duff*_____ _____
Jason A. Duff
Attorney for the Appellee


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to attorneys of record by electronic mail, and to the Court of Appeals Sixth District in Texarkana via Electronic Filing System on this the Fourth Day of May, 2015.


_____*/s/ Jason A. Duff*_____ _____
Jason A. Duff
Attorney for the Appellant